IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANDREWS INTERNATIONAL, INC.,  :
ADVANCED TECH SECURITY,       :
                              :
      Plaintiffs,             :
                              :
v.                            :  C.A. No. 12-775-LPS
                              :
INDIAN HARBOR INSURANCE       :
COMPANY,                      :
                              :
      Defendant.              :
                              :

## MEMORANDUM ORDER

This is an insurance coverage dispute. Plaintiffs, Andrews International, Inc. and Advanced Tech Security ("Plaintiffs"), allege claims including breach of contract, common law bad faith – breach of implied duty of good faith and fair dealing, and estoppel. (D.I. 1) Essentially, Plaintiffs fault Defendant, Indian Harbor Insurance Company ("Defendant") for denying Plaintiffs' claim on an insurance policy ("Policy")[1] based on a jury verdict that found Defendants' liable for discrimination-related violations against a former employee, Abas Idris ("*Idris* Action"). Following a trial, a California state court awarded Idris $65,460 in compensatory damages, $261,840 in punitive damages, and $687,435 in attorney's fees. (*See* D.I. 11 at 4-5) Defendant's refusal to pay Plaintiffs' claim on the Policy arising from the Idris Action led to the filing of the instant case.

---

[1] The Policy was issued by Defendant to Andrews International Holdings, LLC, an entity listed as having a state of incorporation as "CA/NY," and having a mailing address in California. (D.I. 12 Ex. A at 1, 38)

1

After having considered the parties' arguments set out in their briefs (*see* D.I. 11, 15, 16), and for the reasons stated below, the Court will GRANT Defendant's motion to transfer venue to the Central District of California (D.I. 10).

## TRANSFER

Defendant seeks transfer pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

As the Third Circuit has explained, Section 1404(a) "was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Third Circuit has also emphasized that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. As a result, "a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted). Consequently, the burden rests squarely on the party seeking a transfer "to establish that a balancing of proper interests weighs in favor of the transfer." *Id.*; *see also Jumara*, 55 F.3d at 879. That burden is a heavy one: "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (internal quotation marks omitted) (emphasis in original); *see also CNH Am. LLC v. Kinzenbaw*, 2009 WL 3737653, at *2 (D. Del. Nov. 9, 2009).

There is no dispute that this case could have been filed in the Central District of California. Since two proper venues have been identified, the Court must balance the appropriate

considerations and determine whether, under the particular facts of this case, the request to transfer venue should be granted.

In undertaking such an analysis, "there is no definitive formula or list of the factors to consider." *Jumara*, 55 F.3d at 879. Instead, courts must analyze "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.*

Nevertheless, the Third Circuit has identified a set of private interest and public interest factors for courts to consider. *See id.* at 879-80. The private factors to consider include: (1) "the plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." The public interest factors to consider include: (1) "the enforceablity of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (internal citations omitted).

### Private Interest Factors

**Plaintiffs' choice of forum**

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal citations and quotations omitted). That is, "courts normally defer to a plaintiff's choice of forum." *Jumara*, 55 F.3d at 880. Indeed, "[t]he deference afforded plaintiffs choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason." *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) (internal citations omitted).

Plaintiffs have clearly manifested their preference for Delaware as a forum by filing suit here. However, the only reason Plaintiffs have given for filing here is that one of the two Plaintiffs, Andrews International, Inc., is a Delaware corporation. Co-plaintiff Advanced Tech Security is a California corporation (although it is also a subsidiary of Andrews International, Inc.). Defendant is a North Dakota corporation, and while it is authorized to conduct business in Delaware, there is no evidence that it engaged in any business in Delaware in connection with Plaintiffs or in relation to the issues involved in this litigation.

At bottom, the only connection this suit has to Delaware is that it is arguably part of the "home turf" of one, but not both, of the Plaintiffs. Plaintiffs' choice of Delaware is entitled to deference, but given the circumstances, the weight given to this factor is significantly less than is generally the case.

**Defendant's forum preference**

Defendant prefers an alternative forum, the Central District of California. As noted in

connection with other factors below, Defendant presents legitimate and rational reasons for its preference.

**Location of operative events**

There is no indication that any of the operative events occurred in Delaware. By contrast, much of pertinence to the parties' dispute occurred in California. In particular, the Policy has multiple connections to California – including showing California addresses for the insured – and no connection to Delaware. Additionally, the Idris Action was litigated in California and involved a judgment that a California resident was injured by intentional wrongdoing in California. As Defendant summarizes, "This insurance coverage dispute arose in California, where Indian Harbor issued the Policy to Andrews Holdings as the 'Parent Company,' where the *Idris* Action was filed, tried to a verdict, and then settled, and where Andrews received all of Indian Harbor's communications regarding the Policy and the *Idris* Action." (D.I. 16 at 7) Thus, this factor weighs strongly in favor of transfer.

**Convenience of the parties**

The next factor to be considered is "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. There is nothing in the record to indicate that litigating in Delaware would impose a severe financial hardship on either side. (*See generally* D.I. 11 at 13) However, it is noteworthy that Plaintiffs have their principal places of business in California and do not maintain offices in Delaware. This factor weighs in favor of transfer.

**Convenience for the witnesses**

The next factor is "the convenience of the witnesses – but only to the extent that the

5

witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. "[I]n reviewing a motion to transfer, courts frequently look to the availability of witnesses as an important factor, as it can be relevant to protecting a defendant's opportunity to put on its case with witnesses who will appear in person at the trial." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 569 (D. Del. 2001); *see also id.* at 574 ("The court does have an interest in seeing that a plaintiffs choice of a forum does not deprive a defendant of its ability to put on a defense that effectively communicates the matters in issue to the judge and the jury.").

Here, Defendant contends that some potential witnesses, such as Plaintiffs' defense counsel in the *Idris* Action, are located in California. These witnesses may possess relevant evidence, given, as Defendant notes, that certain of Plaintiffs' claims place at issue "the defense of the *Idris* Action, the settlement negotiations and mediations in the *Idris* Action, and communications regarding those events." (D.I. 16 at 7) Neither party has identified any witnesses located in Delaware. Hence, this factor weighs in favor of transfer.

**Location of relevant evidence**

Next the Court considers "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879. "[R]ecent technological advances have reduced the weight of this factor to virtually nothing." *Affymetrix*, 28 F. Supp. 2d at 208. In particular, "[w]ith new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles." *ADE Corp.*, 138 F. Supp. 2d at 571.

No documents are present in Delaware. By contrast, the records of the *Idris* Action, as

6

well as records relating to the negotiation and implementation of the Policy, are in California. Since it would not be difficult to produce these documents in either forum, the Court gives this factor little weight, but the limited weight it is given strongly favors transfer.

## Public Interest Factors

### Enforceability of judgment

There is no suggestion that a judgment would be unenforceable in either the District of Delaware or the Central District of California. This factor is neutral.

### Practical considerations

The Court also takes account of "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. There is no evidence that either forum would make the trial more easy, expeditious, or inexpensive for all parties. Therefore, this factor is neutral.

### Administrative difficulties of getting case to trial

Next the Court turns to the "relative administrative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879. The parties offer data showing that both Districts have heavy caseloads, with Delaware's being somewhat heavier. (D.I. 11 at 14; D.I. 15 at 14-15) The differences are not so great as to justify this factor being given substantial weight, although what weight it receives weighs in favor of transfer.

### Local interests in dispute

Plaintiffs are correct that Delaware has a general interest in seeing that its corporate citizens are not defrauded and are able to enforce contractual rights. (*See* D.I. 15 at 12) Only one Delaware citizen, Andrews International, Inc., is a Delaware citizen. California's interests in this

7

case are, under the circumstances, far greater.

The Policy contains a "Most Favorable Jurisdiction Endorsement," by which the scope of the coverage is determined by the law of the jurisdiction most favorable to coverage. (*See* D.I. 15 at 5) Defendant contends that the instant litigation will require a determination as to whether such a provision is enforceable – potentially under California law, which evidently precludes insurance reimbursement for punitive damages awards[2] – and the parties appear to agree that the enforceability of such a provision presents an issue of first impression.[3] These are important interests of California that are at least implicated, and may require resolution, in this action.

In reaching these conclusions, the Court does not mean to suggest that it has made a determination that California law will govern the merits of the parties' disputes. Instead, as both sides agree, the California Court will have to undertake a choice-of-law analysis, starting with Delaware's choice-of-law principles. (D.I. 15 at 11; D.I. 16 at 3) Regardless of the ultimate outcome of that analysis, the fact is that California has substantial interests that appear, at this preliminary stage, to be implicated in the instant litigation.[4]

This factor weighs strongly in favor of transfer.

---

[2]*See City Products Corp. v. Globe Indemn. Co.*, 151 Cal. Rptr. 494, 500-01 (Cal. Ct. App. 1979) ("[T]he policy of this state with respect to punitive damages would be frustrated by permitting the party against whom they are awarded to pass on the liability to an insurance carrier.").

[3]Defendant observes that even Plaintiffs' broker questioned whether the Policy's "Most Favorable Jurisdiction Endorsement" will be found enforceable. (*See* D.I. 11 at 10; D.I. 12 Ex. G at 3-4)

[4]Thus, the Court does not agree with Plaintiffs' assertion that "California's public interest concerns only come into play if California law applies to this dispute." (D.I. 15 at 11)

**Public policy**

For the same reasons already given with respect to local interests, the public policy interests strongly favor transfer. It is appropriate that, given the possibility (if not likelihood) that this case will require passing judgment on the enforceability of a most favored jurisdiction provision under California's public policy against providing insurance coverage for punitive damages, a California Court should have the opportunity to consider the issues.

**Judge's familiarity with state law in diversity cases**

It is likely that this Court has more familiarity with Delaware's choice-of-law principles than will the California Court, and if Delaware law governs the merits, it is again likely that this Court has more experience there. However, the California laws are plainly implicated and might well be dispositive, and it is quite likely that a California judge will be more familiar with California law than is the undersigned judge. Hence, this factor weighs in favor of transfer.

### Balance of Factors

As explained, the only factor disfavoring transfer is Plaintiffs' choice of Delaware as a forum, and here that choice is accorded less weight than in most other circumstances. All of the other factors either favor transfer – many strongly so – or are neutral. As Defendant accurately observes, "At bottom, Andrews has not identified even a single event related to the Policy or the *Idris* Action that took place in Delaware, or a single witness or document concerning the Policy or the *Idris* Action located in Delaware." (D.I. 16 at 1-2) Considering all of the factors and recognizing the appropriate weight to be accorded to each, the Court concludes that Defendant has overcome the strong presumption in favor of not disturbing Plaintiffs' choice of forum and has demonstrated that transfer to the Central District of California is appropriate.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's motion to transfer venue (D.I. 10) is GRANTED.

2. The Clerk of Court is directed to TRANSFER this case to the United States District Court for the Central District of California.

September 30, 2013  
Wilmington Delaware

UNITED STATES DISTRICT JUDGE