UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7808 PA (RZx) | Date | February 18, 2014 |
|---|---|---|---|
| Title | Andrews Int'l, Inc., et al. v. Indian Harbor Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court are a Motion for Summary Judgment filed by defendant Indian Harbor Insurance Company ("Indian Harbor") (Docket No. 43) and a Motion for Leave to Amend Complaint filed by plaintiffs Andrews International, Inc. ("Andrews") and Advanced Tech Security ("Advanced") (collectively "Plaintiffs") (Docket No. 46).

    In their Opposition to Indian Harbor's Motion for Summary Judgment, Plaintiffs contend that "[b]oth Indian Harbor and Andrews are Delaware corporations." This statement is inconsistent with the allegations in the operative Complaint, which allege that Andrews "is a corporation organized and existing pursuant to the laws of the state of Delaware," that Advanced "is [a] California corporation," and that Indian Harbor "is a North Dakota corporation, with a principal place of business . . . [in] North Dakota, and an administrative office . . . [in] Connecticut." The proposed First Amended Complaint, which Plaintiffs seek leave to file, contain the same allegations concerning the parties' citizenship as alleged in the operative Complaint. Indian Harbor's Answer to the operative Complaint states that it "is a North Dakota corporation, with a statutory home office . . . [in] North Dakota, and a principal place of business . . . [in] Connecticut." Plaintiffs' support for their statement in their Opposition to the Motion for Summary Judgment that Indian Harbor is a Delaware corporation is a page from Delaware's Division of Corporations' website that describes Indian Harbor's "residency" as "domestic."

    The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    The Complaint alleges that the Court possesses diversity jurisdiction over this action. Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7808 PA (RZx) | Date | February 18, 2014 |
|---|---|---|---|
| Title | Andrews Int'l, Inc., et al. v. Indian Harbor Ins. Co. | | |

citizenship from all defendants and for the amount in controversy to exceed $75,000.00.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  The citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Complaint and proposed First Amended Complaint fail to establish that the parties are completely diverse.  The Complaint does not allege the principal place of business for either Andrews or Advanced.  Additionally, Plaintiffs have made contradictory statements concerning the citizenship of Indian Harbor.  At a minimum, these allegations fail to establish Plaintiffs' citizenship for jurisdictional purposes.  Accordingly, the Court is unable to ascertain whether it may exercise subject matter jurisdiction over this action.

Despite these deficiencies a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).  The Court therefore orders the parties to show cause in writing why this action should not be dismissed for lack of federal subject matter jurisdiction.  The parties' responses to this order to show cause must be supported with admissible evidence establishing the citizenship of the parties and shall be filed no later than February 24, 2014.  The failure to file an adequate or timely response to this order to show cause may result in the dismissal of this action without prejudice or the imposition of sanctions.

IT IS SO ORDERED.